IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:07CR417** |
| vs. | |
| RICKY GENE JACKSON, | **ORDER** |
| Defendants. | |

This matter is before the court on correspondence from defendant Ricky Gene Jackson, which the court construes as a motion for sentence adjustment.  Filing No. 162.

The record shows defendant Jackson is presently in state custody.  *See* Federal Bureau of Prisons ("BOP") website, http://www.bop.gov/inmateloc/ (last visited October 17, 2014).  His correspondence was mailed from a facility operated by the Nebraska Department of Corrections.  Filing No. 162 at ECF p.2.   He asks the court to lift a detainer placed on him for the federal violation to enable him to participate in programs such as work-release.

In this court, Jackson was sentenced on May 9, 2008, to seventy months' incarceration, followed by 5 years of supervised release for conspiracy to distribute and possess with intent to distribute more than 5 grams of cocaine base.  Filing No. 61.  His sentence was later reduced to 60 months under the 2011 Guidelines crack cocaine amendment, on the stipulation of the parties.  Filing No. 84.  His period of supervised release commenced on February 8, 2012.  Filing No. 86.  Thereafter, a petition for offender under supervision was filed, charging Jackson with violating a condition of

supervised release by committing a burglary. Filing No. 91. An amended petition was later filed, alleging that he had also violated the condition of supervised release that provides that he not associate with criminals.  Filing No. 98.  A hearing was held on April 18, 2013, and the defendant admitted to the burglary allegation.  Filing No. 122. He was sentenced to time served. Filing No. 123.

On December 31, 2013, another petition for offender under supervision was filed, again alleging that Jackson had violated the mandatory condition of supervised release that states "the defendant shall not commit another federal, state, or local crime" by committing a burglary. Filing No. 131. Jackson admitted the allegation.  Filing No. 159. He was adjudicated guilty of the violation and was sentenced on July 24, 2014, to a term of imprisonment of twelve months for a violation of supervised release, to run concurrent to his state sentence. Filing No. 160.

The record shows he was arrested on the federal petition on July 24, 2014, and the warrant was presumably lodged as a detainer with the Nebraska Department of Corrections. Filing No. 161.  The BOP website shows a projected release date of July 23, 2015, which corresponds to the sentence for the supervised release violation.  *See* Federal Bureau of Prisons website, http://www.bop.gov/inmateloc/ (last visited October 17, 2014).

A district court may only modify a term of imprisonment in limited circumstances. 18 U.S.C. § 3582(c).  *United States v. Cannon*, 719 F.3d 889, 891 (8th Cir. 2013).  The authority for calculating sentence credit is vested in the Attorney General, through the Bureau of Prisons, not in the district court, and judicial review is available only after exhaustion of administrative remedies.  *See United States v. Wilson*, 503 U.S. 329,

(1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008).

The court finds there is no authority to support the remedy the defendant seeks. The Court finds that the deprivation of which Jackson complains—his preclusion from participating in prison rehabilitative or work-release programs—is a deprivation imposed by the state having custody over him, and not by any federal authority. *Cf. Caruso v. United States Bd. of Parole*, 570 F.2d 1150, 1155 (3d Cir.1978) (stating that "whatever the basis for [petitioner's] charges (and we express no view as to their validity), the appropriate targets for [his] attack are state prison officials . . . ").

Although Jackson's achievements in prison may be laudable, successful adjustment to prison and completion of prison programs does not entitle him to a reduction in his sentence. He has received the benefit of a concurrent sentence. There is no indication that federal officials will not properly credit him for the time he has spent in state custody. Accordingly,

IT IS ORDERED that defendant Jackson's motion for an adjustment of his sentence (Filing No. 162) is denied.

DATED this 28th day of October, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3